IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| SEIF ELZAGHAL | ) | |
| | ) | Case No. 6:12-cv-00116-HO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RAY KLEIN, INC., dba | ) | |
| PROFESSIONAL CREDIT SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Introduction

Plaintiff Seif Elzaghal's (Elzaghal), amended complaint filed on May 21, 2012, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (FDCPA), by defendant Ray Klein Inc., dba Professional Credit Service (PCS), a third party debt collector. [#17]. Elzaghal alleges that he paid a debt relying on PCS's representation to him that the debt would be

ORDER - page 1

deleted from his credit record if he paid it.  [#17-pp.2-3]  The
debt was not deleted from plaintiff's credit report although PCS did
report the debt as paid in full.  *Id.*  Plaintiff seeks declaratory
judgment, unspecified actual and statutory damages as well as costs
and fees.  [#17-p.3].

### Background

It is undisputed that plaintiff Seif Elzaghal[1] and his wife
incurred debts which were turned over to PCS for collection.
Plaintiff first called PCS with regard to these debts on January 13,
2011, when he spoke with PCS representative Ben Henry.  Plaintiff
told Mr. Henry that he did not believe he was responsible for the
debts that his estranged wife had incurred and further, plaintiff
had been out of the country (in Egypt), when the notice regarding
this particular debt was sent.  After checking with his supervisor,
Mr. Henry advised plaintiff that this debt could be removed from
plaintiff's credit history once it was paid in full, because he had
not received notice of it while he was out of the country.
Plaintiff then paid the debt in full and it was expunged from his
credit report.

Another debt, owed to Peace Health, is the subject of this
action.  This debt was also incurred by plaintiff's wife.  Plaintiff
and his wife were told in several conversations with PCS, that they
could only avoid having a judgment entered against them by paying

---

[1]     Plaintiff appears to be a non-native English speaker.

ORDER - page 2

the debt in full within 14 days of their receipt of notice from the
court.  After a judgment was entered, PCS representatives stated,
they would report that the judgment was satisfied if the debt was
paid in full, but the collection action would not be removed from
plaintiff's credit report.

During further discussions with PCS, on September 21, 2011,
plaintiff spoke with PCS representative Justin Riley regarding this
Peace Health debt.  In this conversation Mr. Riley explained to
plaintiff that if plaintiff made small payments toward the debt, the
collection agency would seek a judgment and once that was entered,
it would remain on his credit report.  [#29-Ex.B-p.36- Bates
000063].  However, as the conversation continued, Mr. Riley agreed[2]
to plaintiff's statement summarizing what Riley had said as PCS
would "withdraw what happened in the credit card report."  [#29-Ex.B-
p.38- Bates 000064].

Allegedly relying on that statement, plaintiff paid the debt in
full on or about September 28, 2011.  Plaintiff's credit report was

---

[2]      **Mr. Riley:** "all right. Well let me go ahead and - Im
gonna go ahead and get you over to the collector who's holding your
account.  And it's very possible if you think you're gonna be able
it[sic] pay it off in a couple few months, I mean that's not a
problem but I want to get - I want to make sure she approves that
first though.  I don't want to accept something I --"

**Mr. Elzaghal:** "Well, okay.  I will talk with my wife first and
let her know what's going on.  But for sure, I don't have to go to
court, I can pay something and you guys like withdraw what happened
in the credit card report.  Right?"
**Mr. Riley:** "Yes."
**Mr. Elzaghal:** "Okay."      Transcript, p.38, ll.11-25:

not cleared as he believed he had been assured it would.

## Discussion

### 1. Defendant's Motion for Summary Judgment:

Defendant PCS (a debt collection agency that records its telephone conversations between its representatives and consumers), moves for summary judgment. [#23]. Defendant asserts that it has not violated the FDCPA because plaintiff was not promised that his Peace Health debt would be deleted from his credit report. [#24-pp.2-5; #25-Ex.1 and 2]. Defendant contends that even if PCS had misrepresented that plaintiff's Peace Health accounts would be deleted from his credit report, that was a *bona fide* error and thus PCS did not violate the FDCPA. [#24-pp.5-9].

The FDCPA's "*bona fide* error" exception provides that a debt collector may not be held liable "if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error." 15 U.S.C. § 1692k(c). The *bona fide* error exception is therefore, an affirmative defense, for which PCS has the burden of proof.

PCS has not produced any tangible evidence[3] of "the maintenance of procedures reasonably adapted to avoid any such error." In other

---

[3]      PCS produced deposition testimony in support of their contention that they have a policy and training procedures.

ORDER - page 4

words, PCS has provided no documentation that would establish that it has a policy regarding expungement of debt from credit records or of training procedure(s) for PCS collectors. In the absence of any evidence supporting the existence of "reasonable preventive procedures," which is an essential element of the *bona fide* error exception, PCS is not entitled to summary judgment.

2.  Plaintiff's Motion for Partial Summary Judgment:

Plaintiff moves for partial summary judgment on each of defendant's alleged 15 U.S.C. §1692e(10) violations and on the question of whether defendant presented sufficient evidence to entitle it to a *bona fide* error defense. [#27]. Plaintiff argues that because the FDCPA is a strict liability statute, a consumer need not show intentional conduct by the debt collector to be entitled to damages. [#28]. Plaintiff asserts that because the FDCPA is to be interpreted in accordance with the least sophisticated consumer standard, partial summary judgment is appropriate. [#28-pp.11-12]. Although not part of his amended complaint, plaintiff also contends that Mr. Stone's representation that he would investigate and order plaintiff's Peace Health debt deleted from plaintiff's credit report if he found that Mr. Riley had indeed promised plaintiff that the debt would be removed, violates the FDCPA. [#28-pp.12-13].

Defendant responds that plaintiff's claim rests solely on the

ORDER - page 5

one word "yes" response by Mr. Riley in their September 21, 2011 conversation. [#30-p.9]. Defendant argues that in cherry picking the evidence plaintiff has completely ignored both Riley's other comments in that conversation in which he said that if plaintiff paid the Peace Health debt it would be reported as paid in full; and Ms. Wolf's September 26, 2011, conversation (which occurred just before plaintiff paid this debt), in which she repeatedly informed plaintiff that PCS would report the debt as paid in full. [#30-pp.2-4]. Further defendant asserts that unlike the previous debt that was deleted from plaintiff's credit report because plaintiff was out of the country and so did not receive notice, it is undisputed that the Peace Health debt notices were sent to the address at which plaintiff and his wife were residing. [#30-p.7].

While undisputed that Mr. Riley said "yes" in response to plaintiff's compound question[4], the pleadings before the court do not include anything from Mr. Riley other than the transcript of his conversation. Nor does the record contain any written policy or training done by PCS to educate PCS debt collectors about when a debt might be deleted from a credit report. Thus essential elements of a *bona fide* error defense are missing.

---

[4]     Plaintiff's English language comprehension and communication may also be a part of his confusion regarding whether the Peace Health debt would be deleted from his credit report.

ORDER - page 6

The FDCPA *is* a strict liability statute and makes debt collectors liable for violations that are neither knowing nor intentional. *Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1004-05 (9th Cir.2008). Under the strict liability framework, proof of a single FDCPA violation is sufficient to support summary judgment for the plaintiff. *Isham v. Gurstel, Staloch & Chargo, P.A.,* 738 F.Supp. 2d 986, 992 (D.Ariz 2010)(citing *Cacace v. Lucas*, 775 F.Supp. 502, 505 (D.Conn.1990)).

The Ninth Circuit standard used to determine whether a communication is deceptive or misleading under §1692e(10) is whether the "least sophisticated consumer" could have been deceived or misled. *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir.1996); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir.2010). The Ninth Circuit adopted the "materiality" approach used by the Sixth and Seventh Circuits where, "false but nonmaterial representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." *Donohue*, 592 F.3d at 1033.

In this instance, under the applicable strict liability standard, Mr. Riley's confirmation that plaintiff's debt would be expunged from his credit report was a material misrepresentation made in connection with a debt collection and is therefore a

violation of the FDCPA.   15 U.S.C. §1692e(10)(the use of any false

representation or deceptive means to collect or attempt to collect

any debt).   Partial summary judgment is therefore appropriate as a

matter of law on that single Count I claim of plaintiff's amended

complaint.

### CONCLUSION

Based on the foregoing, defendant's Motion for Summary

Judgment (#23) is DENIED.   Plaintiff's Motion for Partial Summary

Judgment [#27] is GRANTED for the single misrepresentation by Mr.

Riley.

IT IS SO ORDERED.
DATED this __11th__ day of ~~September~~ Oct., 2012.


United States District Judge

ORDER - page 8